IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PABLO MARTINEZ-HERNANDEZ,

    Petitioner,

v.                                                          1:25-cv-1094-DHU-KBM

TODD M. LYONS, *et al.*,

    Respondents.

### ORDER DENYING PETITIONER'S REQUEST FOR ADDITIONAL RELIEF

This matter comes before the Court on Petitioner Pablo Martinez-Hernandez's Petition for Writ of Habeas Corpus, Doc. 1, and related supplemental briefing permitted by the Court, *see* Docs. 20, 22. After considering the procedural history of this case, the parties' briefing, oral arguments, and the relevant and applicable law, the Court **DENIES** any additional relief sought by Petitioner.

Petitioner Pablo Martinez-Hernandez is a citizen of Mexico who entered the United States without inspection over 30 years ago. Doc. 1 at 4; Doc. 12 at 1-2. On September 16, 2025, he was arrested in Hobbs, New Mexico after an encounter with law enforcement and was taken into immigration custody. Doc. 1 at 4, 9; Doc. 12 at 2. Petitioner remains detained pending removal proceedings before the U.S. Immigration Court. Doc. 12 at 1.

On November 5, 2025, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, Petitioner contends that his detention under 8 U.S.C. § 1225 is unlawful and that his custody is properly governed by § 1226, under which he would be eligible for a bond review. Doc. 1 at 3-4. Petitioner further asserts that this classification deprives him of due process. *Id.* at 5. The Petition asks that this Court:

1

(1) Assume jurisdiction over this matter;

(2) Direct Respondents to immediately set a bond hearing under § 1226;

(3) Order that the Immigration Judge ("IJ") has jurisdiction under § 1226 and that a bond request cannot be denied based on a lack of jurisdiction; and

(4) Grant any other relief the Court deems just and proper.

*Id.* at 10.

The Court issued an Order to Show Cause on December 2, 2025. Doc. 10. On December 9, 2025, the United States filed a Motion to Dismiss the Petition, arguing first that this Court lacks jurisdiction to review Petitioner's claims under 8 U.S.C. § 1252(e)(3) and § 1252(g). Doc. 12 at 14. Second, the government argues that Petitioner is appropriately classified under 8 U.S.C. § 1225 as a noncitizen present in the United States without having been lawfully admitted. *Id.*

Petitioner filed a Motion for Temporary Restraining Order ("TRO") on December 17, 2025, requesting emergency relief in the form of immediate release, or alternatively, a bond hearing. On December 18, 2025, after a hearing, the Court issued a TRO ordering Respondents to release Petitioner unless they provide him with an individualized bond hearing before a neutral IJ within 7 days. Doc. 16.

Petitioner received a bond hearing and was denied bond on flight risk grounds, with the IJ explaining that Petitioner has a prior conviction for drug possession and lied to the court at first about that arrest. Doc. 22 at 3-4. Because of this, at the hearing on the underlying Habeas Petition, held on January 7, 2026, Petitioner sought immediate release and alleged that his bond hearing was constitutionally inadequate. The Court allowed supplemental briefing on whether this Court has authority to review the bond proceedings that occurred.

2

On January 16, 2026, Petitioner submitted his supplemental brief. In the brief, Petitioner explains that the purported "lie" about his prior conviction was a misunderstanding. According to Petitioner, he answered "no" when asked about prior arrests because he believed the question referred to immigration arrests. *Id.* at 7. After conferring with his counsel, he was not allowed to clarify this on the record, and the IJ ended the hearing when Petitioner's counsel asked for reconsideration. *Id.* Petitioner alleges that his bond hearing was constitutionally defective because he was denied a meaningful opportunity to be heard on a dispositive matter. *Id.* at 8. As such, Petitioner requests that this Court order his release, or in the alternative, conduct its own bail hearing. *Id.* at 13-15. He asserts that the alleged constitutional violation and requested relief falls within the Court's authority to address. *Id.* at 12-13. In the brief, Petitioner also requests that his merits hearing in immigration court, scheduled for January 30, 2026, be stayed so that this Court can fully address and resolve the issues before it. *Id.* at 2, 16.

Respondents' deadline to submit a Response brief, if desired, was January 23, 2026. To date, the government has not submitted any supplemental briefing on this matter.

Petitioner's supplemental briefing, and the relief requested therein, constitutes a request for additional relief separate from the relief requested in his underlying Habeas Petition. After this Court issued a TRO requiring Respondents to provide Petitioner a bond hearing, Petitioner received such a bond hearing. To the extent Petitioner believes the denial of bond was erroneous, his proper avenue for relief would be an appeal to the Board of Immigration Appeals ("BIA"), not this Court. *See* 8 C.F.R. § 236.1(d). Accordingly, Petitioner's request for relief from the IJ's adverse bond decision must be **DENIED.** Additionally, the Court's decision not to review the bond hearing at issue renders unnecessary a decision on the requested stay of Petitioner's upcoming removal hearing in immigration court.

3

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE